**Paramjeet SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73466.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 25, 2008.

Jonathan M. Kaufman, Esq., San Francisco, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Brianne Whelan, U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

Before: CANBY, T.G. NELSON and BEA, Circuit Judges.

MEMORANDUM **

Paramjeet Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review credibility determinations for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and we review de novo questions of law, *see Kohli v. Gonzales*, 473 F.3d 1061, 1065 (9th Cir.2007). We deny in part, and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on material omissions and a lack of specificity in Singh's testimony with regard to the reasons for his arrest and detention, which are matters that go to the heart of his asylum claim. *See Li v. Ashcroft*, 378 F.3d 959, 962–64 (9th Cir.2004). Further, substantial evidence supports the BIA's credibility finding that Singh provided inconsistent testimony regarding when he was arrested, and that he failed to

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

adequately explain this fact when given the opportunity. *See Kaur v. Gonzales,* 418 F.3d 1061, 1066–67 (9th Cir.2005).

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–1157 (9th Cir. 2003).

Because Singh's CAT claim is based on the same statements found not to be credible, and he does not point to any other evidence in the record that would compel a finding that it would be more likely than not that he would he would be tortured if returned to India, substantial evidence supports the BIA's denial of CAT. *Id.*

Singh's contention that he was prejudiced because of an alleged defect in the Notice to Appear is foreclosed by *Kohli v. Gonzales,* 473 F.3d at 1066–69.

Finally, we lack jurisdiction to review the agency's discretionary determination that Singh failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003). We need not reach the remaining contentions because failure to establish exceptional and extremely unusual hardship is dispositive. *See* 8 U.S.C. § 1229b(b)(1).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.